1  Kathryn J. Halford  (CA Bar No. 68141)
   email: kjhalford@wkclegal.com
2  Elizabeth Rosenfeld (CA Bar No. 106577)
   email: erosenfeld@wkclegal.com
3  Nicholas I. Starkman (CA Bar No. 291373)
   email: nstarkman@wkclegal.com
4  **WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
5  16501 Ventura Boulevard, Suite 304
   Encino, CA  91436
6  Telephone:  (818) 501-8030 ext. 334
   Facsimile:  (818) 501-5306
7
   Attorneys for Plaintiffs
8

9
                  **UNITED STATES DISTRICT COURT**
10
                  **CENTRAL DISTRICT OF CALIFORNIA**
11
                            **Western Division**
12

13
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, AND BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>         Plaintiffs,<br><br>vs.<br><br>JACAVI FLAVOR NOVEMBER RULE, LLC, a Florida Limited Liability Company,<br><br>         Defendant. | **CASE NO.**<br><br>The Hon.<br><br>COMPLAINT FOR SPECIFIC PERFORMANCE AND VIOLATION OF ERISA<br><br>[29 U.S.C. §§185, 1132, 1145] |
|---|---|

COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan and of the Motion Picture Industry Individual Account Plan and the Motion Picture Industry Health Plan (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee Pension Benefit Plans" as defined in section 3(2) of ERISA, 29 U.S.C. §1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare Benefit Plan" as defined in section 3(1) of ERISA, 29 U.S.C. §1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of sections 3(37)(A) and 515 of ERISA, and 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of section 21(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. The Plans were established pursuant to collective bargaining agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, an industry affecting commerce, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization and Studio Transportation Drivers Local 399 of the International Brotherhood of Teamsters ("Local 399"), an unincorporated labor organization. The Plans are administered in Studio City, within the County of Los Angeles.

6. Plaintiffs are informed and believe and thereon allege that Defendant JACAVI FLAVOR NOVEMBER RULE, LLC (hereafter "Jacavi" or "Defendant") is a limited liability company organized and existing under and by virtue of the laws of the State of Florida.

7. At all relevant times herein, Jacavi has been an employer in an industry affecting commerce, within the meaning of the LMRA and ERISA.

8. This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), and pursuant to sections 502 and 515 of the ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of a collective bargaining agreement and ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF
### (Specific Performance)
### (By All Plaintiffs Against Defendant)

9. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 8, as if fully set forth herein.

10. Beginning in or about January 2014, Jacavi executed the following collective bargaining agreements with IATSE and Local 399 covering work

performed on the production of the film "November Rule" (herein "the Production"):

    a. <u>IATSE PROJECT AGREEMENT</u> agreeing to be bound by the Producer/IATSE Basic Agreement of 2012, and the Low Budget Theatrical Agreement 2014-16 and successor Agreements for the Production, a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference;

    b. <u>LOCAL 399 MEMORANDUM AGREEMENT</u>, agreeing to be bound to the Producer-Studio Transportation Drivers Agreement, Location Managers Local 399 Agreement and the Producer-Studio Casting Directors Local 399/ Local 817 Agreement, a true and correct copy of which is attached hereto as Exhibit "2" and incorporated herein by reference. The IATSE Project Agreement and the Studio Transportation Drivers Local 399 Memorandum Agreement are referred to herein as "Jacavi's Collective Bargaining Agreements."

11. In conjunction with the execution of Jacavi's Collective Bargaining Agreements, Jacavi executed Trust Acceptances, agreeing to be bound by all terms and conditions of the Trust Agreements establishing the Pension Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to the Plans on behalf of each employee covered by Jacavi's Collective Bargaining Agreements for the Production of "November Rule". True and correct copies of the Trust Acceptances executed by Jacavi are attached hereto marked collectively as Exhibit "3" and incorporated herein by reference.

12. The Trust Agreements obligate Employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees by the last day of the week following the week in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

13. The Trust Agreements at Article III of the Pension Plan, Article V of the Health Plan and Article III of the Individual Account Plan provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit inspection of the records of any Employer which may be pertinent in connection with the said contributions and/or reports insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

14. The Trust Agreements for each of the Plans further provide that if an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys' fees and costs, whether or not the audit or inspection identifies delinquent contributions."

15. The Plans have determined that the following records of Defendant Jacavi must be made available for inspection, and are necessary for the Plans to determine whether all contributions have been properly reported and paid in accordance with Jacavi's Collective Bargaining Agreements and the Trust Agreements: proof of payment, invoices, and Deal Memos/Contracts along with such other records as may be necessary in the opinion of the Plans' auditor, and any other records or information that the Plans require to examine for the audit period commencing January 5, 2014 through April 5, 2014.

16. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that Defendant Jacavi submit the foregoing records for auditing in order to ascertain if Jacavi has properly reported and paid contributions in accordance with Jacavi's Collective Bargaining Agreements and the Trust

Agreements, Jacavi has failed and refused to comply with the Plaintiffs' audit demands.

17. As a result of the breach of Jacavi's Collective Bargaining Agreements and the Trust Agreements, Plaintiffs are unable to ascertain whether contributions have been properly reported and paid to the Plans for covered work, and Plaintiffs have no adequate remedy at law. Plaintiffs are informed and believe and upon that basis allege that Jacavi has failed to accurately report and pay contributions to the Plans in accordance with the provisions of Jacavi's Collective Bargaining Agreements and the Trust Agreements. The exact amount of damages incurred as a result of the breach has not been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

18. As a result of Jacavi's failure to provide access to its records for audit either electronically or through delivery of the requested records to the Plans' auditors, it has been necessary for the Plans to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

19. In accordance with the provisions of Jacavi's Collective Bargaining Agreement and the Trust Agreements, Plaintiffs are entitled to an order requiring Jacavi to produce the specified records for audit by the Plaintiffs, together with reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of Jacavi's Collective Bargaining Agreements and the Trust Agreements.

20. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of Jacavi's Collective Bargaining Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
### (Violation of ERISA)

21. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 20, as if fully set forth herein.

22. By failing to permit an audit of all requested records by the Plans in accordance with the provisions of Jacavi's Collective Bargaining Agreements and the Trust Agreements, Jacavi has violated ERISA §515, 29 U.S.C. §1145.

23. Without access to the compensation records as demanded, Plaintiffs are unable to determine whether Jacavi has accurately reported and paid contributions to the Plans in accordance with Jacavi's Collective Bargaining Agreements and the Trust Agreements since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Jacavi's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

24. In accordance with the terms of Jacavi's Collective Bargaining Agreements and theTrust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring Jacavi to make records of Jacavi available electronically for audit or by delivery to the Plans' auditors for the period of January 5, 2014 through April 5, 2014.

WHEREFORE, Plaintiffs pray for judgment against Defendant, JACAVI FLAVOR NOVEMBER RULE, LLC, a Florida Limited Liability Company, as follows:

1. For an Order compelling audit whereby Jacavi shall be directed by the Court within a specified time after entry to:

    A. Make electronic copies available of its proofs of payment, invoices, and Deal Memos/Contracts, along with such other records as may be necessary in the opinion of the Plans' auditor, and any other records or

information that the Plans require to examine for the audit period commencing January 5, 2014 through April 5, 2014, or in the alternative deliver such records to the Plan's offices in Studio City, California.

      B. Afford to the Plans both ample time and opportunity to examine all of Jacavi's materials specified above, without harassment, at its offices in Studio City.

    2. That in the event Jacavi cannot produce all of the records which the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction where Jacavi shall be directed by the Court within a specified time after the entry thereof, to:

      A. Apply to the Federal and State agencies with which Jacavi previously filed periodic reports pertaining to employees for copies of Jacavi's reports to them for all of the periods for which Jacavi cannot produce records; and

      B. Subsequently make available to the Plans all such copies of Jacavi's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above:

    3. For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of January 5, 2014 through April 5, 2014.

    4. For all fees and costs of audit;

    5. For reasonable attorneys' fees incurred in prosecuting this action;

    6. For costs of suit; and

//
//
//
//
//

7. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: March 13, 2017

Kathryn J. Halford
Elizabeth Rosenfeld
Nicholas I. Starkman
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

BY: /s/ *Nicholas Starkman*
NICHOLAS I. STARKMAN
Attorneys for Plaintiffs
The Boards of Directors of the Motion Picture Industry Pension Plan and of the Motion Picture Industry Individual Account Plan and the Motion Picture Industry Health Plan